IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>RONALD CASTANON,<br><br>    Defendants.<br>_____/ | CASE NO. CR F 96-5272 LJO<br><br>**ORDER ON MOTIONS TO REDUCE SENTENCE AND TO SUPPLEMENT RECORD**<br>(Docs. 91, 92.) |

**INTRODUCTION**

Defendant Ronald Castanon ("defendant") seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") based on an amendment to the U.S. Sentencing Guidelines ("USSG"), which became applicable on November 1, 2011. The United States of America ("Government") responds that the USSG amendment is inapplicable to defendant who was sentenced under the unchanged Career Offender guideline. This Court considered defendant's sentence reduction motion on the record and DENIES defendant a sentence reduction, to supplement the record and related relief in that defendant is ineligible for section 3582(c)(2) relief.

**BACKGROUND**

On March 24, 1997, defendant pled guilty to conspiring to distribute methamphetamine and cocaine base and stipulated that he was a career offender under USSG § 4B1.1. In his plea agreement, defendant stipulated that during the summer 1996, he sold an undercover agent 27.6 grams of d-

methamphetamine, 25.58 grams of crack cocaine, and an ounce of crack cocaine in three separate transactions. Defendant further stipulated that he sold six firearms to the undercover agent.

In 1997, the assigned probation officer found the applicable offense level under USSG § 4B1.1 to be 34, after giving defendant a three-level reduction for acceptance of responsibility, and defendant's criminal history category to be VI. The probation officer recommended a sentence at the high end of the guideline range of 262 to 327 months. The former district judge sentenced defendant to 262 months, pursuant to the plea agreement.

**DISCUSSION**

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). Section 3582(c)(2) creates an exception to modify a prison term if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009) (quoting section 3582(c)(2)).

USSG § 1B1.10 addresses prison term reduction as a result of an amended guideline range and excludes a reduction under section 3582(c)(2) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

Defendant relies on Part A of Amendment 750, which altered offense levels in USSG § 2D1.1 applicable to crack cocaine offenses and which the Sentencing Commission added to USSG § 1B1.10(c) as a retroactive amendment. The Sentencing Commission lowered such offense levels under the Fair Sentencing Act of 2010, which changed the threshold quantities of crack cocaine to trigger mandatory sentences under 21 U.S.C. § 841(b).

The Government correctly notes that defendant's sentencing guideline range remained unchanged because his guideline calculation was not based on the amount of crack cocaine sold under USSG § 2D1.1. Rather, defendant remains a Career Offender under USSG § 4B1.1 with a remaining applicable sentencing guideline range of 262 to 327 months. The Ninth Circuit Court of Appeals has explained that "a drug offense sentence that is 'based on' a sentencing range calculated under U.S.S.G. § 4B1.1 because the defendant was a career offender cannot have been 'based on' a sentencing range calculated under the

§ 2D1.1 drug amount table.  The two sentencing schemes are mutually exclusive." *Wesson*, 583 F.3d at 731.  As such, a career offender, such as defendant, sentenced under USSG § 4B1.1 is not eligible for a sentence reduction under Part A of Amendment 750.  *See Wesson*, 583 F.3d at 731.  Defendant is not eligible for a sentence reduction in that his applicable guideline range remains unchanged.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant a sentence reduction, to supplement the record and related relief.  The clerk is directed to term docs. 91 and 92.

IT IS SO ORDERED.

**Dated:   November 8, 2011**               /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE