UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD CASTANON,<br><br>Defendant. | No. 1:96-cr-05272-DAD-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 104) |

This matter is before the court on defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 104.) Having considered the parties' briefing, and for the reasons that follow, defendant's motion will be denied.

**BACKGROUND**

On October 10, 1996, defendant was indicted in the United States District Court for the Eastern District of California. (Doc. No. 1.) On June 9, 1997, defendant pleaded guilty to conspiracy to distribute methamphetamine and cocaine base with a prior drug trafficking conviction, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 104 at 51.) Defendant was sentenced to 262 months in prison with a 120-month term of supervised release to follow. (*Id.* at 52, 53.) Defendant filed the pending § 2255 motion on February 21, 2017. (Doc. No. 104.)

/////

## LEGAL STANDARD

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344–45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

## DISCUSSION

Defendant contends that in light of the decision *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), assault with a deadly weapon under California Penal Code § 245(a)(1) is not a crime of violence under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). (Doc. No. 104 at 33.) As such, defendant argues that his classification as a Career Offender at the time of his sentencing, and the resulting upward adjustment in his offense level under the U.S. Sentencing Guidelines, was unlawful. Before turning to the merits of this claim, however, the court first addresses the government's argument that defendant's claim has been mooted by his release from prison. (Doc. No. 109.)

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). This requires that the plaintiff "continue to have a personal stake in the outcome of the lawsuit," such that the plaintiff "must have

suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial opinion." *Id.*

Incarcerated convicts seeking to challenge the validity of their conviction satisfy the case-or-controversy requirement because the incarceration "constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. However, as the government points out, defendant Castanon is no longer incarcerated. Because "[n]o reduction of a sentence of imprisonment already served is possible," the government contends that a decision in defendant's favor would not redress any injury to him. (Doc. No. 109 at 1.)

Although the government is correct that defendant has served the prison sentence imposed against him in this case, it does not necessarily follow that this motion has been rendered moot. In addition to receiving a sentence of 262 months imprisonment, defendant's sentence included a 120–month term of supervised release to follow. (Doc. No. 104 at 53.) According to the government, defendant was released from prison on December 2, 2016. (Doc. No. 109.) Assuming his supervised release commenced on that date, defendant is currently on supervised release and will remain so until December 2, 2026, according to the terms of the judgment entered against him in this case. In filing the motion pending before the court, defendant seeks a reduction in his adjusted offense level, which could result in the imposition of a lesser sentence under the Guidelines. (*See* Doc. No. 104 at 31.) Specifically, if defendant is successful "in decreasing his total offense level, he could be resentenced to a shorter period of supervised release." *Verdin*, 243 F.3d at 1179; *accord United States v. Ballard*, 462 Fed. App'x 715, 716 (9th Cir. 2011) (citing *Verdin*, 243 F.3d at 1178) ("Contrary to the government's contention, [defendant's] release from custody [. . . ] does not render this appeal moot because he remains on supervised release."); *United States v. Minks*, 406 Fed. App'x 116, 117 n.1 (9th Cir. 2010) (same).[1] Because there exists the possibility that defendant's sentence could be reduced if relief were to be granted and because defendant is presently serving a portion of that sentence, the court finds that this case has not been rendered moot by his release from prison.

---

[1] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36–3(b).

3

The court next considers whether defendant's motion is timely. Generally, motions under § 2255 must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Defendant was convicted in 1997, so that one-year period in which to seek relief has long since passed. However, § 2255(f)(3) provides an exception to this rule and permits individuals to file § 2255 motions up to one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Defendant argues that the Supreme Court's decision in *Johnson* recognized the right he seeks now to assert and that the decision retroactively applies to cases on collateral review, because of which his § 2255 motion is timely. (Doc. No. 38 at 19.)

In *Johnson*, the petitioner challenged the legality of a mandatory sentencing enhancement under § 924(e)(2)(B) of the Armed Career Criminal Act (the "ACCA"). Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," therein defined as any felony that "involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). The Court found that a mandatory sentencing enhancement for conduct that "presents a serious potential risk of physical injury to another"—the residual clause of the ACCA—violated due process. *Id.* at 2557. The Court reasoned that such language failed to "give ordinary people fair notice of the conduct it punish[ed]," and was therefore unconstitutionally vague. *Id.* at 2556. The Supreme Court subsequently ruled that the decision in *Johnson* announced a new substantive rule which has retroactive effect on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016).

In pleading guilty to conspiracy to distribute methamphetamine and cocaine base on March 24, 1997, defendant stipulated that he was a career offender under § 4B1.1 of the United States Sentencing Guidelines. (*See* Doc. No. 97.) That provision, as it existed at the time of defendant's entry of plea and sentencing provided for an upward adjustment in the applicable offense level if (1) the defendant was at least 18 years old at the time the offense in question was

4

committed, (2) the instant offense was a felony that was either a "crime of violence" or a "controlled substance offense," and (3) the defendant had at least two prior felony convictions of either a "crime of violence or a "controlled substance offense." U.S.S.G. § 4B1.1 (1997). Section 4B1.2 of the Guidelines defined the term "crime of violence" in two different ways. The first, known as the force clause, stated that a crime of violence was any offense under federal or state law punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1). The second provision, known as the residual clause, stated that a crime of violence was any offense under federal or state law punishable by imprisonment for a term exceeding one year that "is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 4B1.2(a)(2). This latter language contained in the 1997 version of U.S.S.G. § 4B1.1 is identical to the language found to be unconstitutionally vague by the Supreme Court in *Johnson*.

Roughly three weeks after defendant's § 2255 motion was filed in this case, the Supreme Court issued its opinion in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017). In that case, as in this one, the defendant had received a sentence based upon an upward adjustment in his offense level for being a Career Offender under U.S.S.G. § 4B1.1. The defendant argued that under a straightforward application of *Johnson*, his sentence was unlawful because he received a sentencing enhancement by virtue of the same language that the court in *Johnson* found to be unconstitutionally vague. *See id.* at 891–92. The Supreme Court disagreed. The Court in *Beckles* pointed out that *Johnson* arose in the context of a statute fixing permissible sentences, in that case requiring courts to impose a minimum 15−year term of imprisonment. *Id.* at 892 ("The ACCA's residual clause, where applicable, *required* sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years.") (emphasis added). The defendant in *Beckles*, by contrast, received his sentence under the Guidelines which, at the time of defendant's sentencing, were advisory, not mandatory. *Id.* at 892; *see also United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court concluded that because the post-
/////

5

*Booker* Guidelines "merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." *Beckles*, 137 S. Ct. at 894.

In light of this intervening authority, the undersigned granted defendant's counsel additional time to address the application of the decision in *Beckles* to the instant motion. (Doc. No. 106.) Defendant's supplemental briefing correctly pointed out that this case is distinct from *Beckles* in one respect: whereas the defendant in *Beckles* was sentenced after the Supreme Court's decision in *Booker*, the defendant in this case was sentenced prior to *Booker*, at which time the Sentencing Guidelines were still mandatory. Defendant therefore argues that "*Beckles* has no bearing on Mr. Castanon's § 2255 motion." (Doc. No. 108 at 2.)

The question is whether the right announced in *Johnson* and given retroactive effect on collateral review in *Welch* is applicable to individuals who, like the defendant here, were sentenced prior to the decision in *Booker* and whose sentencing guideline calculation involved application of § 4B1.2 of the Guidelines. If so, defendant's motion is timely under § 2255(f)(3) despite being filed more than one year after defendant's conviction became final. The Supreme Court in *Beckles* declined to resolve this very issue. *See Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *Booker* . . . may mount vagueness attacks on their sentences.").

However, in the wake of *Beckles* the Ninth Circuit has addressed this issue, concluding that "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018). In reaching this conclusion, the court relied in part on Justice Sotomayor's concurring opinion in *Beckles* in which it was noted that the question of whether a pre-*Booker* Guidelines sentence is susceptible to a vagueness challenge remains unresolved by the Supreme Court. *See id.* at 1027. The Ninth Circuit in *Blackstone* agreed with the Sixth Circuit's observation that if the question remains open, it cannot be said that the right has been "recognized by the Supreme Court" for purposes of § 2255(f)(3). *Id.* (quoting *Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017)

6

("Because it is an open question, it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'"), *cert. denied*, ___U.S.___, 138 S. Ct. 2661 (2018)). The majority of the federal appellate courts to address this issue have reached the same conclusion reached by the Ninth Circuit in *Blackstone*. *See United States v. Pullen*, 913 F.3d 1270, 1284 (10th Cir. 2019) ("We conclude *Johnson* did not create a new rule of constitutional law applicable to the mandatory Guidelines[.]"); *Russo v. United States*, 902 F.3d 880, 882–84 (8th Cir. 2018) (same); *United States v. Green*, 898 F.3d 315, 319–23 (3d Cir. 2018) (same); *United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir.) (same), *cert. denied*, ___ U.S. ___, 139 S. Ct. 374 (2018); *United States v. Brown*, 868 F.3d 297, 303 (4th Cir. 2017) (same), *cert. denied*, ___ U.S. ___, 139 S. Ct. 14 (2018); *Raybon*, 867 F.3d at 630 (same). *But see D'Antoni v. United States*, 916 F.3d 658, 659, 663–64 (7th Cir. 2019); *Cross v. United States*, 892 F.3d 288, 294, 307 (7th Cir. 2018) (holding *Johnson* created new rule applicable to all vague, mandatory residual clauses that enhance punishment such that § 2255 relief from sentence imposed under mandatory Guidelines scheme was proper).

In any event, this court is bound by the Ninth Circuit's decision in *Blackstone*. Because the Supreme Court has not yet recognized the right defendant asserts in seeking relief under § 2255, his motion is untimely. Accordingly, defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 104) is denied.

IT IS SO ORDERED.

Dated: **April 30, 2019**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE