UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD CASTANON,<br><br>Defendant. | No. 1:96-cr-05272-DAD<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 114) |

This matter is before the court on defendant Ronald Castanon's motion for a certificate of appealability. For the reasons set forth below, defendant's motion will be granted.

**BACKGROUND**

On October 10, 1996, defendant was indicted in the United States District Court for the Eastern District of California. (Doc. No. 1.) On June 9, 1997, defendant pleaded guilty to conspiracy to distribute methamphetamine and cocaine base with a prior drug trafficking conviction, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 104 at 51.) Defendant received a total sentence of 262 months imprisonment, followed by 120 months of supervised release. (*Id.* at 52, 53.)

On May 1, 2019, the undersigned issued an order denying defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 113.) While conceding that

the district court's opinion is correct as a straightforward application of Ninth Circuit authority, defendant nonetheless moves for a certificate of appealability on the question of whether his § 2255 motion is timely in light of the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, ___, 135 S. Ct. 2551 (2015).

**LEGAL STANDARD**

Under Rule 11 of the Federal Rules Governing Section 2255 Cases, a district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, for claims denied on procedural grounds, a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**DISCUSSION**

In the court's prior order denying defendant's motion, the court concluded that defendant was not entitled to relief because his argument that § 4B1.2(a) of the United States Sentencing Guidelines is unconstitutional after *Johnson* has been rejected by the Ninth Circuit. *See United States v. Blackstone*, 903 F.3d 1020, 1026 (9th Cir. 2018). As a result, defendant's motion was untimely. Nonetheless, the court acknowledged that a circuit split existed on this point. *Compare, e.g., id., United States v. Greer*, 881 F.3d 1241, 1248 (10th Cir.) ("[T]he only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA."), *cert. denied*, ___ U.S. ___, 139 S. Ct. 374 (2018), *and United States v. Brown*, 868 F.3d 297, 303 (4th Cir. 2017) ("*Johnson* only recognized

that ACCA's residual clause was unconstitutionally vague, 135 S. Ct. at 2557; it did not touch upon the residual clause at issue here."), *cert. denied*, ___ U.S. ___, 139 S. Ct. 14 (2018), *with Cross v. United States*, 892 F.3d 288, 307 (7th Cir. 2018) ("Just as excising the residual clause from the ACCA [in *Johnson*] changed the punishment associated with illegally carrying a firearm, striking down the residual clause in the mandatory guidelines changes the sentencing range associated with Cross's and Davis's bank robberies."). While the panel in *Blackstone* ultimately disagreed with the Seventh Circuit's conclusion in *Cross*, it noted that "we would not describe that court's conclusion as unreasonable." *Blackstone*, 903 F.3d at 1029. This language effectively resolves the present motion, since the Ninth Circuit has explicitly acknowledged that reasonable minds could differ on the outcome of this issue.

Accordingly, because reasonable jurists can, and have, disagreed about this issue, defendant's motion for a certificate of appealability on the question of whether his petition challenging his sentence under the mandatory Sentencing Guidelines is timely (Doc. No. 114) is granted.

IT IS SO ORDERED.

Dated: **June 19, 2019**

_____
UNITED STATES DISTRICT JUDGE